Michael S. Traylor, Esq. (CA. SBN 136814)
Attorney Admitted Pro Hac Vice
Traylor Law Office, PC
8601 Lincoln Blvd. 180, Suite 525
Los Angeles, CA. 90045
 (310) 401-6610 ph
(661) 480-1200 fax

Xavier R. Donaldson, Esq. (NY Bar Number 2713105)
Donaldson & Chilliest, LLP
1825 Park Ave., Suite 1102
New York, NY 10035
(212) 722-4900 ph
(212) 722-4966 fax
XDonaldson@AOL.com (e-mail)

Attorneys for Specially Appearing
Defendants Damon Dash, Raquel Horn
and Poppington, LLC (wrongfully named
as "Damon Dash Studios")

# THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MONIQUE BUNN<br><br>**Plaintiff**<br>vs.<br><br>DAMON A. DASH, ET AL.<br><br>**Defendants.** | Case No. 19-cv-11804 (JSR)<br><br>**DEFENDANTS DAMON DASH, RAQUEL HORN AND POPPINGTON, LLC'S JOINT/COMBINED MOTION FOR RULE 11 SANCTIONS**<br><br>DATE:<br>TIME:<br>PLACE: COURTROOM 18C<br>JUDGE: HON. MARY K. VYSKOCIL |

**SPECIALLY APPEARING DEFENDANTS' MOTION FOR RULE 11 SANCTIONS**

# **TABLE OF CONTENTS**

Page

Notice of Motion ........................................................................................... 2

I. Introduction ................................................................................................ 5

II. Argument .................................................................................................. 7

    A. Legal Standard for Rule 11 Motions ................................................... 7

    B. Defendants Have Complied with the "Safe Harbor"
Provisions of Rule 11 .............................................................................. 10

    C. Plaintiff's Counsel Violated the Provisions of Rule 11(b)
in a Number of Ways ............................................................................... 11

        1. The inclusion of improper, irrelevant and unrelated
allegations and attachments to the Complaint and First Amended
Complaint which are solely included to generate negative publicity
about Defendant Damon Dash ................................................................. 12

        2. The submission of incomplete and improper proofs of
service filed in a manner designed to deceive the Court and
obtain a default. ........................................................................................ 15

III. Conclusion ............................................................................................... 18

# TABLE OF AUTHORITIES

Cases:

*Agee v. Paramount Communications Inc.,* 114 F.3d 395, 398 (2d Cir. 1997))  ..........  7-8

*Chambers v. NASCO, Inc.,* 501 U.S. 32, 45-46, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991)  ..........  7

*Gutierrez v. Fox*, 141 F.3d 425, 427 (2d Cir. 1998)  ..........  8-9

*Ipcon Collections LLC v. Costco Wholesale Corp.*, 698 F.3d 58, 63 (2d Cir. 2012)  ..........  9

*Ransmeier v. Mariani*, 718 F.3d 64, 68 (2d Cir. 2013)  ..........  7

*Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 79 (2d Cir. 2000)  ..........  7-8

*Star Mark Mgmt. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.,* 682 F.3d 170 (2d Cir. 2012)  ..........  10

*United States v. Seltzer*, 227 F.3d 36, 39-40 (2d Cir. 2000)  ..........  7


Statutes & Rules:

FRCP, Rule 4  ..........  15

FRCP, Rule 11  ..........  6-7, 10

FRCP, Rule 11(b)  ..........  8, 10, 11

FRCP, Rule 11 (c)  ..........  9, 10

FRCP, Rule 11(c)(1)(A)  ..........  3

TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that as soon thereafter as counsel may be heard in Courtroom 18C of the United States District Court for the Southern District of New York, located at THE UNITED STATES COURTHOUSE, 500 PEARL STREET, NEW YORK, N.Y., the Honorable Mary Kay Vyskocil (USDJ) presiding; Specially Appearing Defendants (the "Specially Appearing Defendants") Damon Dash, Raquel Horn, Poppington, LLC and Damon Dash (wrongfully named as "*Damon Dash Studios*") will and hereby do move the Court for an Order granting sanctions pursuant to Rule 11.

Said Motion shall be based upon the following:

1. The inclusion of improper, irrelevant and unrelated attachments to the Complaint and First Amended Complaint which are solely included to generate negative publicity about Defendant Damon Dash; and

2. The submission of incomplete and improper proofs of service filed in a manner designed to deceive the Court and obtain a default[1].

It is noteworthy that Plaintiff's counsel has:

a) A historic and contentious relationship with Defendant Damon Dash and has therefor sought (on several occasions) to harass Mr. Dash;

b) Threatened to file similar litigation in another venue which is equally baseless and premised on legal impossibilities and falsehoods;

c) Published (and/or caused the publication of) videotape from a deposition in another matter on social media to cause harm and injury to Mr. Dash; and

d) Taken other steps to garner negative publicity for purposes of harassing and causing injury to Mr. Dash.

In accordance with the provisions of Rule 11(c)(1)(A), Defendants' counsel provided notice (letter and copy of this motion) to Plaintiff's counsel in fulfillment of the "safe harbor" provisions of Rule 11. Such notice was provided more than twenty-one (21) days prior to the filing of this motion.

This Motion is made following meet and confer efforts by the Specially Appearing Defendants' counsel to resolve the foregoing issues with Plaintiff's counsel. Such efforts were unsuccessful.

---

[1] While Defendants contend that other basis exists for Rule 11 Sanctions, such other basis are likely premature at this point. Accordingly, Defendants reserve the right to seek further relief under Rule 11.

**SPECIALLY APPEARING DEFENDANTS' MOTION FOR RULE 11 SANCTIONS**

3

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities and the concurrently filed supporting exhibits attached hereto, as well as all pleadings, papers and other documentary materials in the Court's file for this action, any other matters of which this Court may or must take judicial notice, and such other matters as this Court may consider.

DATED: August 10, 2020

                                              Michael S. Traylor, Esq.

                                              Attorney Appearing Pro Hac Vice
                                              for Specially Appearing Defendants

# I. INTRODUCTION

This action has no place in this Court… or perhaps any court. At its core, this is a *he said-she said* dispute over whether or not residents of the State of California engaged in alleged series of California State law claims, in the State of California; with an individual resident of the State of Pennsylvania (then residing in California). Included in these allegations is a fantastical story of alleged sexual assault of Plaintiff by Defendant Dash (in his home in California where he lived with his fiancé and co-Defendant, Raquel Horn). The allegations mysteriously arose immediately after Plaintiff was caught making unauthorized purchases with Defendants' credit accounts and confronted about same on video (which revealed she was in possession of the ill-gotten gains).  By her own admission, despite the horrific conduct which she contends entitles her to more than $50 Million in damages; Plaintiff Bunn continued her visitation at Defendants' home and continued to render various photography services at Defendants home. No police report nor other action was taken until Plaintiff crossed paths with Defendants' nemesis… attorney Christopher Brown who continues to bring or threaten spurious litigation against Defendants and who has had a long, contentious relationship with Defendant Dash which began at a deposition where insults were exchanged.

Plaintiff's (and her counsel's) pure and absolute desperation is evidenced by the inclusion of income tax allegations and the improper attachment of an unverified, irrelevant article from a gossip column (See Exhibit A to the Complaint) which is irrelevant and only serves as an inflammatory attempts to secure the attention of the media. Additionally, Plaintiff's counsel has attached an unrelated declaration (See Exhibit E of the Complaint) of a fictional person only identified by their first initial and last name (i.e., "T. Harper") which has no relevance to the current action and which was filed for similar hopes of garnering media attention.  Finally, Plaintiff's counsel submitted proofs which were wholly insufficient and spurious for purposes of obtaining a default when Plaintiff's counsel knew that the Defendants had not been properly served.

Needless to say, prior to filing this salacious action with these irrelevant and defamatory attachments; Plaintiff attempted to extort money from Defendants. It is also noteworthy that Plaintiff's counsel has made such other flimsy efforts at extortion for similar claims in California. A historical animus exists between Plaintiff's counsel and Defendants which arose in an unrelated manner. Since such time, Plaintiff's counsel has stalked and trolled Defendants in an attempt to initiate vexatious and malicious litigation against Defendants.

Sanctions pursuant to Rule 11 are sought. In this regard, Defendants have complied with the "safe harbor" provisions of Rule 11.

**SPECIALLY APPEARING DEFENDANTS' MOTION FOR RULE 11 SANCTIONS**

6

## II. ARGUMENT

### A.  Legal Standard for Rule 11 Motions

Defendants seek sanctions pursuant to this Court's inherent powers, 28 U.S.C. § 1927, and Federal Rule of Civil Procedure 11.  "Under § 1927, '[a]ny attorney [or other person] . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.'" *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 79 (2d Cir. 2000)("*Revson*") (ellipsis in original) (quoting 28 U.S.C. § 1927). A court also maintains an "inherent power" to impose sanctions. See *United States v. Seltzer*, 227 F.3d 36, 39-40 (2d Cir. 2000); see also *Ransmeier v. Mariani*, 718 F.3d 64, 68 (2d Cir. 2013) (noting that "a federal court . . . may exercise its inherent power to sanction a party or an attorney who has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 45-46, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991)).

To impose sanctions under either § 1927 or the Court's inherent power, the Court "must find clear evidence that (1) the offending party's claims were entirely meritless and (2) the party acted for improper purposes." *Revson*, *supra*,  221 F.3d at 79 (quoting Agee v. Paramount Communications Inc., 114 F.3d 395, 398 (2d Cir.

**SPECIALLY APPEARING DEFENDANTS' MOTION FOR RULE 11 SANCTIONS**

7

1997)). The attorney or party's "bad faith" is a key inquiry when determining whether to award sanctions. *Id*.

Under Rule 11(b), an attorney who submits a pleading to this Court "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances". Rule 11(b) provides:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

"Rule 11 'explicitly and unambiguously imposes an affirmative duty on each attorney to conduct a reasonable inquiry into the viability of a pleading before it is signed.'" *Gutierrez v. Fox*, 141 F.3d 425, 427 (2d Cir. 1998)). "Sanctions may be

imposed when court filings are used for an 'improper purpose, or when claims are not supported by existing law, lack evidentiary support, or are otherwise frivolous." *Ipcon Collections LLC v. Costco Wholesale Corp.*, 698 F.3d 58, 63 (2d Cir. 2012).

Rule 11(c) directs the parties on the process for seeking such sanctions (as well as the court's ability to issue same on its own initiative). Rule 11(c) provides:

> (c) Sanctions.
>
> (1) In General. If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.
>
> (2) Motion for Sanctions. A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.
>
> (3) On the Court's Initiative. On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).
>
> (4) Nature of a Sanction. A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective

deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

Plaintiff's counsel has clearly run afoul of the Rule 11 requirements and is subject to sanctions for such conduct as set forth herein.

### B. Defendants Have Complied with the "Safe Harbor" Provisions of Rule 11.

Prior to filing this motion, Defendants' counsel complied with the safe harbor provisions required by Rule 11(c)(2). A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. (See, e.g., *Star Mark Mgmt. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.,* 682 F.3d 170 (2d Cir. 2012). In this regard, Defendants' counsel took the following steps:

    1. On May 7, 2020 at approximately 5:15 p.m., Defendants' counsel sent an e-mail (with letter) attached (See Exhibit A to the accompanying Declaration of Michael S. Traylor) advising Plaintiff's counsel of the intent to file a Rule 11

Motion and the basis therefor. A copy of the letter was also sent to Plaintiff's counsel via registered mail, return receipt requested.

2. Approximately 27 minutes later (5/7/2020 @ 5:44 pm), Plaintiff's counsel indicated that he would "respond to [the] letter in due time, but also indicated that "the case will not be withdrawn". See Exhibit B to the accompanying Declaration of Michael S. Traylor.

3. On May 8, 2020, Defendants' counsel sent a follow-up letter along with a draft of this motion to Plaintiff's counsel via e-mail and U.S. Mail. (See Declaration of Michael S. Traylor).

4. This motion was not filed earlier than twenty-one days after Plaintiff's counsel received the documents referenced in #3 above. (See Declaration of Michael S. Traylor).

The foregoing processes comply with the "safe harbor" provisions of Rule 11 and the Court should accordingly hear the motion on its merits.

***C. Plaintiff's Counsel Violated the Provisions of Rule 11(b) in a Number of Ways.***

The conduct of Plaintiff's counsel clearly violates the provisions of Rule 11(b). Sanctions should be imposed for the reason stated hereinbelow.

*1. The inclusion of improper, irrelevant and unrelated allegations and attachments to the Complaint and First Amended Complaint which are solely included to generate negative publicity about Defendant Damon Dash.*

Plaintiff's Complaint and First Amended Complaint ("FAC") allege that Defendant Damon Dash sexually battered Plaintiff Monique Bunn (See FAC at pp. 3-4, paragraphs 19-21). Quite remarkably, the FAC goes on to allege that *after* the purported battery, Plaintiff remained at Mr. Dash's home and spent the next two (2) nights. (See FAC at p. 4, paragraphs 22-26). Even more remarkably, Plaintiff contends that she proceeded to go about business-as-usual over the next two (2) days setting up a photo shoot at Mr. Dash's home in Los Angeles County, California. (See FAC at pp. 3-4, paragraphs 24-26). Plaintiff then contends that a dispute ensued about Plaintiff's making unauthorized purchases on Mr. Dash's account at an Apple Store. Plaintiff then contends she was asked to leave and was not able to retrieve her equipment and undisclosed personal items. (See FAC at p. 4, paragraph 28).

Completely unrelated to these allegations, the FAC (as well as the Complaint) contain the following:

- An allegation that: "Upon information and belief, Dash is of one of the most delinquent New York State taxpayers, owing approximately Two Million Dollars in taxes to the State of New York". (See FAC at p. 1, paragraph 4).

**SPECIALLY APPEARING DEFENDANTS' MOTION FOR RULE 11 SANCTIONS**

12

- Exhibit A, which is an article from a publication known as "Page Six" (www.pagesix.com) regarding Mr. Dash's taxes. Page Six is a gossip-based website which focus on celebrities.

- An unsubstantiated allegation that: " In 2003 in the Supreme Court of New York, Kristie Thompson ("Thompson") sued Dash for sexual assault alleging $15 Million Dollars in damages. Dash denied the allegations, however, upon information and belief, Dash reached an out of court settlement with Thompson. (See FAC at p. 8, paragraph 56).

- An unsubstantiated allegation that: Upon information and belief, Poppington's clothing line, 'Black Star' was named after Dash's penis, the nick-name Dash calls his sexual organ." (See FAC at p. 8, paragraph 57).

- A purported "affidavit" of someone allegedly named "T. Harper" which is attached to the FAC as Exhibit E.

- An improper and unsupportable (and slanderous) allegation that: "Upon information and belief, Dash is a sexual predator". (See FAC at p. 8, paragraph 59).

Each of the foregoing are completely irrelevant and improper inclusions into the Complaint which were only designed to garner media attention. These portions of the FAC should not only be stricken; but sanctions are appropriate. Despite having filed a verified complaint, these are some of the only sections in which Plaintiff's counsel added the words "Upon information and belief". However, these matters have no bearing on the case whatsoever.

Unfortunately, Plaintiff's counsel got his wish as Rolling Stone magazine picked-up the story. (See Declaration of Michael S. Traylor at Exhibit C). This was not, however, the first go-round between Plaintiff's counsel and Mr. Dash. Plaintiff's counsel previously leaked a portion of a videotaped deposition in another matter to the press in an effort to embarrass Mr. Dash after having insulted Mr. Dash. See Declaration of Damon Dash at Exhibit A.

In any event, even if true and verified, these assertions have no relevance (nor is there even an attempt to connect the statements with any allegations) to the allegations in the FAC.

*2. The submission of incomplete and improper proofs of service filed in a manner designed to deceive the Court and obtain a default.*

Having clearly failed to properly serve Defendants, Plaintiff's counsel submitted frivolous proofs of service in an attempt to obtain a default against Defendants. Federal Rules of Civil Procedure ("FRCP"), Rule 4 provides for service of process in all cases. In relevant part, Rule 4 provides (emphasis added):

> …
> (c) Service.
>
> (1) In General. A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.
>
> (2) By Whom. Any person who is at least 18 years old and not a party may serve a summons and complaint.
> …

Plaintiff fails in both respects without even a legitimate attempt. None of the Declarations of Service submitted by Plaintiff's process server (Susan Maralit) affirm that she is at least eighteen (18) years old and not a party to the action (although, admittedly, it does not seem she is a party). Furthermore, Ms. Maralit fails to check any of the boxes on the form which indicate that the Summons was included in the documents served. It is respectfully requested that the Court take Judicial Notice of such declarations in this regard. Such failures are glaring and obvious.

Rule 4 continues at subdivision (e), as follows (emphasis added):

**SPECIALLY APPEARING DEFENDANTS' MOTION FOR RULE 11 SANCTIONS**

15

> e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Again, Plaintiff has failed in each aspect of the foregoing, as is evidenced by even a cursory review of each of the Declarations re: Service attached to the Summons filed by Plaintiff. As argued in the Defendants' Motion to Quash Service, clearly the Declarations re: Service attached to the Summons filed by Plaintiff are devoid of any indication whatsoever that any of the Specially Appearing Defendants were personally served. Plaintiff has made no showing that any attempt (and certainly no successful attempt) was made to serve Specially Appearing Defendant Poppington, LLC by utilizing its registered agent for service of process. Moreover, the absence of any due diligence being shown by attempts to serve the Specially Appearing

Defendants properly (e.g., see unchecked boxes on each Declaration re: Service) also illustrate that service was neither attempted at the "dwelling place" nor the "usual place of abode" of Specially Appearing Defendants Dash or Horn. As a result, proper service was clearly not established pursuant to subdivision (2) of Rule 4(e) and any assertion otherwise was intentional and improper.

     The foregoing analysis only leaves Plaintiff with the opportunity to properly serve the Specially Appearing Defendants in accordance with California law. Again, Plaintiff has not evidenced a colorable attempt at proper service.

///

///

///

///

///

///

///

///

///

///

**SPECIALLY APPEARING DEFENDANTS' MOTION FOR RULE 11 SANCTIONS**

## III. CONCLUSION

Based upon the foregoing, it is respectfully requested that the Court grant the motion and impose sanctions in the amount of Defendants' attorney fees in opposing the default and seeking dismissal, as well as bringing this motion. The amount of such fees is set forth in the accompanying Declaration of Michael S. Traylor.

It is also respectfully requested that the Court strike the pleadings and order them deleted from the public records of the Court.

DATED: August 10, 2020

                                              Michael S. Traylor, Esq.

                                              */s/ Michael S. Traylor*
                                              Attorney Appearing Pro Hac Vice
                                              for Specially Appearing Defendants